1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    John Holden,                                    No. CV-21-01437-PHX-SMB

10                  Plaintiff,                        **ORDER**

11   v.

12   Commissioner       of    Social     Security
     Administration,

13

14                  Defendant.

15          At issue is the denial of Plaintiff John Holden's Application for Social Security

16   Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA")

17   under the Social Security Act (the "Act").  Plaintiff filed a Complaint (Doc. 1) and an

18   Opening Brief (Doc. 18), seeking judicial review of that denial.  Defendant SSA filed an

19   Answering Brief (Doc. 14), to which Plaintiff replied (Doc. 22).  The Court has reviewed

20   the parties' briefs, the Administrative Record (*see* Doc. 15), and the Administrative Law

21   Judge's ("ALJ") decision, (Doc. 15-3 at 16–27).  The Court will vacate the ALJ's decision

22   and remand for further proceedings for the reasons addressed herein.

23        **I.      BACKGROUND**

24          Plaintiff applied for SSDI benefits in March 2019, alleging a disability beginning in

25   July 2018.  (Doc. 15-3 at 17.)  Plaintiff's claim was initially denied in September 2019.

26   (*Id.*)  ALJ Patricia Bucci held a telephonic hearing on December 21, 2020.  (*Id.*)  After

27   considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered

28   from severe impairments including mild obesity, a history of deep vein thrombosis, and

complex regional pain syndrome (CRPS)/reflex sympathetic dystrophy (RSD) of the left lower extremity. (*Id.* at 18.) The ALJ also concluded that Plaintiff had non-severe impairments of bipolar I, post-traumatic stress disorder (PTSD), and alcohol abuse disorder in remission that "in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (*Id.* at 19.) The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b), except Plaintiff can "occasionally operate foot controls with the left lower extremity, never climb ladders, ropes, or scaffolds, occasionally climb ramps or stairs, occasionally crawl or kneel, and frequently balance, stoop, or crouch." (*Id.* at 21.) Plaintiff can also "have occasional exposure to non-weather related extreme cold or extreme heat, no exposure to dangerous machinery, no exposure to unprotected heights, and he requires a handheld cane for uneven terrain or prolonged ambulation." (*Id.*)

Consequently, Plaintiff's Application was again denied by the ALJ on January 7, 2021. (*Id.* at 26.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed. (*Id.* at 2–4.)

## II.    LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*,

1 236 F.3d 503, 517 n.13 (9th Cir. 2001).

2 **III.    DISCUSSION**

3      Plaintiff argues that the ALJ committed harmful error in evaluating Plaintiff's

4 symptom testimony because her findings are not supported by substantial evidence, by

5 finding Plaintiff's mental impairments were non-severe, and by not including Plaintiff's

6 mental health impairments in the RFC findings.  (Doc. 18 at 1.)  The Commissioner argues

7 that the ALJ's opinion is supported by the record as a whole and free of legal or harmful

8 error.  (Doc. 21 at 2.)  The Court has reviewed the medical and administrative records and

9 agrees with Plaintiff in part.

10     **A.  Plaintiff's Symptom Testimony**

11      An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding

12 pain and symptoms.  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).  First, the

13 ALJ evaluates whether the claimant has presented objective medical evidence of an

14 impairment that "could reasonably be expected to produce the pain or other symptoms

15 alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

16 *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted).  Second,

17 absent evidence of malingering, an ALJ may only discount a claimant's allegations for

18 reasons that are "specific, clear and convincing" and supported by substantial evidence.

19 *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

20      "[T]he ALJ must specifically identify the testimony she or he finds not to be credible

21 and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246

22 F.3d 1195, 1208 (9th Cir. 2001).  General findings are insufficient.  *Id.*  "Although the

23 ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for

24 [the Court] to meaningfully determine whether the ALJ's conclusions were supported by

25 substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th

26 Cir. 2014).  "[T]he ALJ may consider inconsistencies either in the claimant's testimony or

27 between the testimony and the claimant's conduct."  *Molina*, 674 F.3d at 1112.   For

28 instance, the ALJ may consider "whether the claimant engages in daily activities

1    inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040)

2    (internal quotation marks omitted).

3           1.   The ALJ relied on substantial evidence when evaluating Plaintiff's alleged

4                symptoms.

5           Plaintiff argues that he experiences: (1) an ability to stand for only short periods of

6    time due to pain and resulting nausea and dizziness; (2) medications are not providing

7    enough pain relief; (3) his vision goes in and out causing dizziness; (4) painful walking;

8    (5) difficulty putting on pants, shocks, and shoes, bathing, bringing food to the table, and

9    getting off the toilet; (6) challenges focusing, managing stress, and handling changes to his

10   routine; and (7) using a cane and brace.  (Doc. 18 at 19–20.)  Plaintiff further argues that

11   the ALJ improperly rejected his symptom testimony by finding his asserted pain and

12   intensity unsupported by the record.  (*Id.* at 20.)  Specifically, Plaintiff refutes the ALJ's

13   finding that there was "very little evidence of disability" despite her citing an MRI that

14   showed "markedly increased blood flow, blood pool uptake in hindfoot, diffuse hyperemia,

15   mild uptake in the midfoot, and increased focal uptake."  (*Id.* at 20–21.)  Next, Plaintiff

16   argues the ALJ "minimized" radiographic evidence when she cited to findings that he had

17   no hair growth or changes in temperature, no atrophy, color changes, tremors, or swelling

18   when there is record evidence to support otherwise.  (*Id.* at 21.)

19          Additionally, Plaintiff argues that the ALJ's discussion of his daily activities reflect

20   an inability to perform light work, and he further emphasizes his pain intensity and the

21   ineffectiveness of his medications.  (*Id.* at 21–23.)  Lastly, Plaintiff argues that the ALJ did

22   not discuss the credibility factor of his strong work history of "18 years of increasing

23   covered earnings before his alleged disability onset, with a strong work history in the UK

24   and 11 years as an officer in the Royal Navy prior to immigration."  (*Id.* at 23–24.)

25          The Commissioner counters that although the ALJ found there was enough

26   evidence to support a CRPS/RSD diagnosis, there was not enough to find Plaintiff disabled.

27   (Doc. 21 at 13.)  The Commissioner argues the ALJ's decision relied on substantial

28   evidence because she acknowledged: (1) citations to imaging that contained abnormalities,

1   but then x-rays that demonstrated Plaintiff's surgery was a success; (2) citations to

2   abnormal findings such as allodynia and decreased range of motion, but also that there was

3   no edema and Plaintiff's gait was normal; (3) that Plaintiff uses a cane at times, but it is

4   unprescribed; (4) that Plaintiff reports ongoing pain after lumbar block and spinal cord

5   stimulation, but that opioids help and provider notes demonstrate that Plaintiff's CRPS,

6   mobility, and functionality responds and improves with medication; (5) that Plaintiff

7   claims debilitation but also demonstrated concentration in his court-ordered online classes;

8   and (6) Plaintiff had an ability to travel to Mexico on weekends.  (*Id.* at 13–16.)

9          The Court finds no error in the ALJ's evaluation of Plaintiff's symptom testimony.

10  "[A] court looks to an existing administrative record and asks whether it contains

11  'sufficien[t] evidence' to support the agency's factual determinations."  *Biestek*, 139 S. Ct.

12  at 1154 (citation omitted).  Plaintiff's disagreement with the ALJ's assessment is not

13  enough to warrant remand.  *See Molina*, 674 F.3d at 1111 ("[W]e must uphold the ALJ's

14  findings if they are supported by inferences reasonably drawn from the record."); *see also*

15  *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) ("[Q]uestions of credibility and

16  resolutions of conflicts in the testimony are functions solely of the [Commissioner].")

17  (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)).  Here,

18  the ALJ acknowledged and cited to Plaintiff's symptoms testimony, but also cited to the

19  record when explaining the finding of no disability.

20         Finally, regarding Plaintiff's argument that the ALJ erred by failing to consider

21  Plaintiff's entire work history in a credibility assessment, the Court finds there was no

22  error.  Plaintiff cites to *Simmons v. Colvin* for the proposition that "[a]n ALJ is required to

23  consider a claimant's work history when assessing credibility."  No. ED CV 15-02865-SP,

24  2016 WL 6436829, at *8 (C.D. Cal. Oct. 31, 2016) (citing 20 C.F.R. § 404.1529(c)(3));

25  (Doc. 18 at 24.)  However, the ALJ does reference Plaintiff's work history when she

26  discusses his jobs as a dog groomer, purchasing agent, and production scheduler.  (Doc.

27  15-3 at 25.)  Of those positions, the ALJ found Plaintiff would be capable of performing

28  the job that was solely computer based and had a sedentary exertional level: production

1    scheduler.  (*Id.*)  The ALJ noted that "this work was substantial gainful activity, was

2    performed long enough for the claimant to achieve average performance, and was

3    performed within the relevant period."  (*Id.*)  The Court finds that the ALJ did not err in

4    failing to discuss Plaintiff's military work history.  The ALJ considered all prior jobs

5    Plaintiff may have been capable of performing now, and she did not discount Plaintiff's

6    credibility based on his prior work history.  Therefore, there is no error, let alone harmful

7    error.  *C.f. Simmons*, 2016 WL 6436829, at *8.

8                    2.   The ALJ relied on substantial evidence when finding Plaintiff's mental

9                         impairments were non-severe.

10          Plaintiff argues that the ALJ's non-severe findings regarding Plaintiff's mental

11   limitations are not supported by substantial evidence.  (Doc. 18 at 13.)  Plaintiff argues

12   there are reports and observations of Plaintiff's irritability, mildly decreased memory loss,

13   poor concentration, depression, suicidal ideation, and anxiety.  (*Id.* at 14.)   The

14   Commissioner argues that while Plaintiff argues his self-described mental impairments are

15   more severe than as characterized, the ALJ's findings are still supported by the evidence.

16   (Doc. 21 at 11.)

17          "Where evidence is susceptible to more than one rational interpretation, it is the

18   ALJ's conclusion that must be upheld."  *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir.

19   2017) (cleaned up).  The existence of a medical impairment does not necessitate a finding

20   the impairment is severe, it is only severe if it "significantly limits" a claimant's "mental

21   ability to do basic work activities."  *See Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir.

22   1999); *see also* 20 C.F.R. §§ 404.1520(c), 404.1522(a); *Matthews v. Shalala*, 10 F.3d 678,

23   680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a

24   disability.").

25          The Court agrees with the Commissioner that the ALJ's finding that Plaintiff's

26   mental impairments are non-severe is supported by substantial evidence.  For example, the

27   Commissioner notes how the ALJ acknowledged that: (1) Plaintiff made no allegation in

28   his application that he suffered disabling mental impairment symptoms, yet still

- 6 -

1    acknowledged his diagnosis for Bipolar I, PTSD, and alcohol abuse in remission; (2)

2    Plaintiff's mental health records demonstrate improvement with in-patient treatment; (3)

3    that his mental status examinations were within normal limits; (4) that Plaintiff maintained

4    appropriate dress, grooming, hygiene, and cooperation while also acknowledging his

5    claimed difficulties handling stress, dressing, and bathing; and (5) that beyond the one

6    incident with his girlfriend, the record reflected no significant temper control issues. (Doc.

7    21 at 11–12.) Having considered these relevant factors, the Court finds that the ALJ

8    reached a rational interpretation in finding Plaintiff's mental impairments to be non-severe

9    as she did leave out any pertinent factor in her analysis. *Shaibi*, 883 F.3d at 1108.

10           3.    The ALJ erroneously omitted Plaintiff's mental limitations from the RFC

11                 findings.

12           Plaintiff next argues that the ALJ has an obligation to create an RFC finding that

13   accounts for all the medical impairments and limitations within the record. (Doc. 18 at

14   10.) The Commissioner argues substantial evidence supports the ALJ's decision not to

15   assess mental limitations in the RFC because Plaintiff "made no allegation in his

16   application that he suffered disabling symptoms from any mental impairments." (Doc. 21

17   at 9.) Furthermore, the ALJ considered evidence that Plaintiff sought treatment for his

18   mental health and that he had impairments of Bipolar I, PTSD, and alcohol abuse disorder

19   in remission that were non-severe because they "did not cause more than a minimal

20   limitation in Plaintiff's ability to perform basic mental work activities." (*Id.*)

21           The Commissioner argues that Plaintiff "made no allegation in his application that

22   he suffered disabling symptoms from any mental impairments." (Doc. 21 at 9.)

23   Nevertheless, the ALJ considered evidence that Plaintiff sought treatment for his mental

24   health and that he had impairments of Bipolar I, PTSD, and alcohol abuse disorder in

25   remission that were non-severe because they "did not cause more than a minimal limitation

26   in Plaintiff's ability to perform basic mental work activities." (*Id.*)

27           At step two of their analysis, an ALJ is tasked with determining which impairments

28   are severe. *Smolen v. Chater*, 80 F.3d 1273, 1289–90 (9th Cir. 1996). The Ninth Circuit

describes this step as "a de minimis screening device to dispose of groundless claims." *Id.* at 1290.   Furthermore, the Ninth Circuit notes that impairment(s) can be found "'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individuals ability to work."   *Id.*; *see also* SSR 85-28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).   Even if one of claimant's impairments is not considered "severe," if the claimant prevails at step two, their case proceeds on the basis of other determined "severe" impairments.   *Loader v. Berryhill*, 722 F. App'x 653, 654–55 (9th Cir. 2018).   One of these remaining steps includes an ALJ conducting an RFC finding that accounts for the following:

(1) Residual functional capacity assessment. Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity *based on all the relevant evidence in your case record.*

(2) If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, *including your medically determinable impairments that are not "severe,"* as explained in §§ 404.1520(c), 404.121, and 404.1523, when we assess your residual functional capacity.

20 C.F.R. § 404.1545(a)(1)–(2) (emphasis added).

Therefore, if an ALJ determines that a claimant has medically determinable impairments, severe or not, it is harmful error if the ALJ fails to mention them when assessing the RFC.   *See Loader*, 722 F. App'x at 655.   In other words, "an RFC that fails to take into account a claimant's limitations is defective."   *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).   It then follows that any hypothetical an ALJ poses to a vocational expert from the RFC "must set out all the limitations and restrictions of the particular claimant."   *Id.* (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

Here, the ALJ has established that Plaintiff experiences at least some non-severe mental limitations from his diagnosed PTSD, bipolar disorder, depression, and anxiety. However, the RFC lacks any mention of any of these mental limitations, all of which

1    required consideration in the RFC.  *Id.*  For this reason, the Court finds that the RFC does

2    not contain the required substantial evidentiary support.

3    **IV.    HARMFUL ERROR**

4           Plaintiff argues that the ALJ's error was harmful and requires this Court to reverse

5    the ALJ's decision.  (Doc. 15-3 at 16–27.)  The Court "will not reverse an ALJ's decision

6    for harmless error, which exists when it is clear from the record that the ALJ's error was

7    inconsequential to the ultimate nondisability determination."  *Tommasetti v. Astrue*, 533

8    F.3d 1035, 1038 (9th Cir. 2008) (cleaned up).  Here, the Court finds that the ALJ's failure

9    to include Plaintiff's mental limitations in the RFC resulted in harmful error.  Because the

10   ALJ determined that Plaintiff had some mental limitations, they were required to be

11   considered in the RFC.  *Loader*, 722 F. App'x at 655.  Seeing as they were not, the Court

12   finds the omission resulted in harmful error, and remands the case on this issue exclusively.

13   **V.    REMAND**

14          If the ALJ's decision is not supported by substantial evidence or suffers from

15   harmful legal error, the district court has discretion to reverse and remand either for an

16   award of benefits or for further administrative proceedings.  *Smolen*, 80 F.3d at 1292.

17   "Remand for further administrative proceedings is appropriate if enhancement of the record

18   would be useful."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).  "Conversely,

19   where the record has been developed fully and further administrative proceedings would

20   serve no useful purpose, the district court should remand for an immediate award of

21   benefits."  *Id.* (citing *Smolen*, 80 F.3d at 1292).  Here, Plaintiff contends that the ALJ's

22   errors require this Court to remand for further proceedings.  (Doc. 18 at 24.)

23          The ALJ has a special duty to fully and fairly develop the record and to assure that

24   the claimant's interests are considered, even when the claimant is represented by counsel.

25   *Smolen*, 80 F.3d at 1288.  Here, the record is not fully developed because the ALJ did not

26   consider Plaintiff's mental impairments in the RFC, which results in any vocational

27   expert's opinion relying on the RFC to be inaccurate.  *See Valentine*, 574 F.3d at 689–90.

28   As Plaintiff argues, this is significant because the ALJ must obtain VE testimony to

evaluate the effects of any mental limitations.  (Doc. 18 at 11.)  Therefore, the Court will remand for further proceedings.

## VI.    CONCLUSION

Therefore,

**IT IS ORDERED** vacating the January 7, 2021 decision of the ALJ, as upheld by the Appeals Council.  (Doc. 15-3 at 16–27.)

**IT IS FURTHER ORDERED** remanding this case for further proceedings consistent with this opinion.

Dated this 22nd day of February, 2023.

Honorable Susan M. Brnovich
United States District Judge

- 10 -